SPENCER v. PHILADELPHIA SMELTING & REFINING CO.

(Circuit Court, D. Colorado.  May 15, 1899.)

1. CUSTOMS DUTIES—CLASSIFICATION—COPPER MATTE—REGULUS.

Copper matte, an article containing lead and copper, and produced in smelting ores, which is not strictly an ore itself, and which is shown to be known commercially and scientifically as copper regulus, is not dutiable under the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 181, 30 Stat. 166 [U. S. Comp. St. 1901, p. 1644], for "lead-bearing ore of all kinds," but is free of duty as "copper, regulus of," under Free List, § 2, par. 534, of said act, 30 Stat. 197 [U. S. Comp. St. 1901, p. 1682].

Appeal by Otis B. Spencer, surveyor of customs at the port of Denver, from a decision (G. A. 4308) of the Board of General Appraisers, reversing his classification of certain importations.

MARSHALL, District Judge (orally).  This is an appeal from a decision of the Board of General Appraisers on the following facts:  A smelting company imported from Mexico certain copper matte, and entered it at the port of Pueblo.  The surveyor of customs classified it for duty as "lead-bearing ore."  The smelting company protested against this classification, and this protest was heard by the Board of General Appraisers, and decided in favor of the smelter; the board holding that this matte was in fact copper regulus, and not lead-bearing ore.  There was an appeal taken to this court from that decision. Paragraph 181, Schedule C, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 166 [U. S. Comp. St. 1901, p. 1644], makes dutiable "lead-bearing ore of all kinds" at the rate of one and one-half cents per pound on the lead contents thereof.  Paragraph 534, Free List, § 2, of the same act of 1897, 30 Stat. 197 [U. S. Comp. St. 1901, p. 1682], puts on the free list copper regulus, and the question submitted is whether this copper matte is copper regulus.  It appears that the copper matte contained about 25 per cent. lead and about 34 per cent. copper, and that it is not an ore in any strict sense of the term, but is a product of smelting.  On the hearing before the Board of Appraisers, the witnesses were unanimous to the effect that, as used commercially, copper regulus and copper matte mean the same thing.  The recent scientific authorities, also, as quoted by them, define copper matte as synonymous with copper regulus.  Perhaps a few years ago there was a slight distinction between the two.  Copper matte always contains sulphur.  When freed of this sulphur, it would become copper regulus.  But this distinction has been abandoned in recent years, and both commercially and scientifically they have been used as synonymous terms.  The government introduced no witnesses before the board disputing this fact.  In the tariff act of March 3, 1883 (22 Stat. 488), copper regulus was dutiable.  It then became a question as to whether a matte of nickel and copper was a copper regulus under that act, and the Treasury Department held that it was in fact copper regulus, and was dutiable under the provisions of the act.  After the act of 1894 was passed, copper regulus was put on the free list.  The question then arose in the Treasury Department as to whether a matte

containing lead and copper, similar to the particular matte here, was copper regulus, and it was held by this Board of General Appraisers that it was copper regulus, and was entitled to be admitted free of duty. In re American Metal Company, G. A. 3394. This ruling was adopted by the Treasury Department, and adhered to by it. This ruling was, of course, or must be presumed to have been, known by Congress when it passed the tariff act of 1897. It has placed on the free list copper regulus in a paragraph in the same words as that of the tariff act of 1894. It must be presumed that it was done in view of the fact that copper matte and copper regulus had been determined to be the same, and with the intent that copper matte should be admitted free under the paragraph. In view of the well-settled principle of construction of such acts, any ambiguity or uncertainty is to be resolved in favor of the importer, and against the government.

The decision appealed from must be affirmed.